[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10845

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LAMARTREZ OSHUN STORY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:19-cr-00138-ECM-SMD-2

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Lamartrez Story appeals his sentence of 42 months' imprisonment for bank robbery. Story argues that the district court improperly imposed a two-point obstruction of justice enhancement under United States Sentencing Guidelines Manual § 3C1.1 on the ground that he committed perjury when he testified at trial. Story also argues that his sentence is substantively unreasonable because the court failed to consider relevant factors and created a sentencing disparity between Story and his codefendants. After careful review, we affirm.

## I.

We presume familiarity with the factual and procedural history of this case and describe it below only to the extent necessary to address the issues raised in this appeal.

A grand jury returned a superseding indictment charging Cordero Story, Lamartrez Story, and Jacobie Phillips, each with one count of conspiring to commit armed bank robbery, in violation of 18 U.S.C. § 371 (Count 1), and one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 2). The superseding indictment also charged Cordero with one count of using, carrying, or brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Cordero pleaded guilty to all three counts of the superseding indictment.

Phillips pleaded guilty to an information charging the lesser included offenses of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371, and bank robbery, in violation of 18 U.S.C. § 2113(a).

Lamartrez Story pleaded not guilty and went to trial. His codefendants cooperated with the government, testifying that Story drove to Cordero's house on the morning of the robbery, picked up Cordero and Phillips, drove them to the bank so they could rob it, and then drove them away. That version of events was corroborated by text messages that Story exchanged with Cordero before the robbery, in which he seemed to agree to discuss something in person rather than over the phone. It was also supported by testimony from an eyewitness who said he saw Story's red Mustang parked near the bank, waiting to serve as the getaway car.

Story testified in his own defense, denying any role in the robbery. He testified that he did not drive Cordero and Phillips to the bank, and that he instead spent that morning looking for a job at a temp agency and getting something to eat at McDonalds. He testified that he did not wait nearby as the getaway driver, and that he only picked up his codefendants when Cordero called him asking for a ride, not knowing that they had just robbed a bank. Finally, he testified that he did not notice his codefendants throwing items of clothing out of the car as he drove them away from the bank.

The jury returned a verdict convicting Story of the lesser included offense of bank robbery and acquitting him of the

conspiracy and armed bank robbery charges. Based on Cordero's and Phillips's substantial assistance in testifying at trial, the government moved for a downward departure at each of their sentencings. The district court granted those motions. It sentenced Phillips to 27 months' imprisonment on each count, set to run concurrently. And it sentenced Cordero to 84 months' imprisonment—21 months on Counts 1 and 2, set to run concurrently, and 63 months on Count 3, set to run consecutively.

At the sentencing for Story, the district court overruled Story's objection to a two-point enhancement for obstruction of justice under U.S.S.G. § 3C1.1. It then calculated a final offense level of 30, a criminal history category of I, and a guideline range of 97 to 121 months. The district court granted Story's motion for a downward variance—in part to avoid a sentencing disparity between Story and his codefendants—and sentenced him to a term of 42 months' imprisonment.

## II.

Story argues first that the district court improperly imposed a two-point obstruction of justice enhancement on the ground that he committed perjury when he testified at trial. He also argues that his sentence is substantively unreasonable because the court failed to consider relevant factors and created a sentencing disparity between Story and his codefendants. We address each argument in turn.

### A.

The district court imposed a two-level obstruction of justice enhancement based on its finding that Story committed perjury when he testified in his own defense. Story argues that there is no evidence that he intentionally lied or obstructed justice. The government responds that the district court's finding was correct, and that even if Story could show error, the error was harmless because the district court stated that it would have imposed the same sentence even without the enhancement. We agree with the government.

The imposition of an obstruction of justice enhancement involves questions of law and fact. *United States v. Johnson*, 980 F.3d 1364, 1374 (11th Cir. 2020). We review the district court's factual findings for clear error and the court's application of the Guidelines to those facts *de novo. Id.*

Section 3C1.1 of the sentencing guidelines provides for a two-point enhancement when a defendant obstructs or attempts to obstruct the administration of justice in a way that is related to his offense of conviction. U.S.S.G. § 3C1.1. Committing perjury is one way a defendant can obstruct justice. *Id.* at cmt. n.4(B). Even if we conclude that the district court erred in applying the enhancement, remand is unnecessary if the error was harmless. *See United States v. Williams*, 503 U.S. 193, 203 (1992). An error is harmless if it did not impact the sentence the district court ultimately imposed, and the sentence, considered apart from the error, is still substantively

reasonable. *See United States v. Keene*, 470 F.3d 1347, 1348-50 (11th Cir. 2006).

Here, there is no reason to think that the district court erred in its finding that Story committed perjury. The district court found that Story's testimony was not consistent with the codefendants' testimony, a disinterested eyewitness's testimony, and the physical evidence recovered by law enforcement. The district court specifically cited Story's testimony that, after he picked up Cordero and Phillips from the bank, he did not see them removing clothing and throwing it out of the window of the getaway car. But even if the district court erred in its finding, any error would be harmless because the court specifically stated that it would have sentenced Story to 42 months' imprisonment even without the enhancement. *See Keene*, 470 F.3d at 1349–50. If the court had not imposed the obstruction enhancement, Story's guideline range would have been 78 to 97 months of imprisonment. If the court had used that range, Story's sentence would still have been below guidelines and, as discussed below, substantively reasonable.

*B.*

The district court ultimately imposed a sentence of 42 months' imprisonment. Story argues that the district court failed to adequately weigh the 18 U.S.C. § 3553(a) factors and imposed a sentence longer than necessary to serve the purposes of Section 3553(a)(2). He also argues that the court created a disparity between his sentence and his codefendants' sentences. The

government responds that the district court adequately weighed the Section 3553(a) factors and imposed a substantively reasonable sentence. And it argues that there was no sentencing disparity because, unlike his codefendants, Story did not plead guilty or assist the government. Again, we agree with the government.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A court abuses its discretion if it does not consider relevant factors due substantial weight, significantly weighs an irrelevant or improper factor, or commits a clear error of judgment in its consideration of sentencing factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). We will not vacate a sentence as substantively unreasonable unless we have a definite and firm conviction that the district court clearly erred in considering the Section 3553(a) factors by imposing a sentence beyond the range of sentences that would be reasonable given the case's facts. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021). A sentence being well below the statutory maximum is an indicator of reasonableness. *United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008).

A sentencing disparity among codefendants is usually not grounds for appellate relief. *United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015). When considering a disparity claim, we first consider whether the defendant is similarly situated to the defendants he compares himself to. *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). One differentiating factor is a

defendant's cooperation with the government and willingness to plead guilty. *Cavallo*, 790 F.3d at 1237.

Here, Story's sentence of 42 months' imprisonment was substantively reasonable. Story's 42-month sentence was well below the statutory maximum and came after a downward variance from the guideline range—which the district court granted, in part, to mitigate any sentencing disparity between Story and his codefendants. The district court stated that it considered the advisory guidelines and the Section 3553(a) factors. It specifically noted Story's lack of criminal history, the seriousness of the bank robbery, the fact that a firearm was used, the impact on the victims, the need to avoid a sentencing disparity among his codefendants, and his family support.

Furthermore, Story's disparity claim fails because he is not similarly situated to the codefendants he compares himself to. Story's codefendants cooperated with the government and pled guilty—Story did not. *See Cavallo*, 790 F.3d at 1237; *Duperval*, 777 F.3d at 1338.

AFFIRMED.